﻿Citation Nr: AXXXXXXXX
Decision Date: 11/27/19 Archive Date: 11/27/19

DOCKET NO. 190301-5927
DATE: November 27, 2019

ORDER

Entitlement to service connection, to include on a secondary basis, for obstructive sleep apnea (OSA) is granted.

FINDING OF FACT

The diagnosed OSA has been shown to be etiologically related to the Veteran’s active service, to include on a secondary basis to his service-connected other specified trauma and stressor related disorder (hereinafter acquired psychiatric disorder).

CONCLUSION OF LAW

The criteria for entitlement to service connection for OSA have been met. 38 U.S.C. §§ 1110, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from June 2009 to June 2013. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program. 

The Veteran selected the higher-level review lane when he submitted his RAMP election form in April 2018. Thereafter, a September 2018 RAMP rating decision considered the evidence of record prior to the issuance of the decision. In February 2019, the Veteran timely appealed this RAMP rating decision to the Board and requested evidence submission review (i.e. evidence submitted within 90 days with no Board hearing). This decision has been written consistent with the new AMA framework.

Service Connection

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated during service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303. In order to establish entitlement to service connection, there must be (1) evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) a causal connection between the claimed in-service disease or injury and the current disability. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004).

Service connection may be presumed for certain chronic diseases which develop to a compensable degree within one year after discharge from service, even though there is no evidence of the disease during the period of service. That presumption is rebuttable by probative evidence to the contrary. 38 U.S.C. §§ 1101, 1112, 1113; 38 C.F.R. §§ 3.307, 3.309(a). 

The Board must determine whether the evidence supports the claim or is in relative equipoise, with the appellant prevailing in either case, or whether the preponderance of the evidence is against the claim, in which case, service connection must be denied. Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

1. OSA

The Veteran seeks entitlement to service connection for OSA. Specifically, the Veteran asserts that his OSA began during service with symptoms of snoring. Alternatively, the Veteran asserts that his OSA is secondary to his service-connected psychiatric disorder.

The evidence of record includes service treatment records (STRs) showing that in October 2010, the Veteran was seen related to complaints of a sore throat and headache the past night. Related symptoms noted included generalized pain and feeling tired, headache, nasal discharge, cough, heartburn and nausea. The Veteran also asked the clinician if there was anything that could be done for his snoring because his Sergeant and his fellow service members complained that his snoring was very loud. The Veteran was advised to sleep on his side or in a prone position. The clinician also noted the Veteran would be scheduled for a pulmonary disease consultation prior to scheduling a consultation for a polysomnography. This was to occur after his current upper respiratory infection (URI) had resolved. 

Thereafter, a December 2010 STR noted chronic problems including observed snoring. In December 2011, a STR showed the Veteran was seen due to trouble sleeping. In this regard, the Veteran reported that a buddy had been killed in an accident which affected many in his unit. The STR also noted chronic problems including observed snoring. Additionally, STRs dated March and April 2012 noted chronic problems including observed snoring.

Post-service medical records show that in February 2014, the Veteran complained of shortness of breath, snoring at night and witnessed apneas. He denied any prior sleep study. The physician suspected OSA and the Veteran was referred for a sleep study. Another February 2014 VA medical record shows the Veteran had suspected OSA. Active problems included obesity and the physician recommended the Veteran extend his sleep time “as sleep deprivation may worsen sleep related breathing disorders.” In August 2015, a sleep study was conducted later that month which confirmed a diagnosis for OSA.

The Veteran underwent a VA posttraumatic stress disorder (PTSD) examination in June 2016. The examiner noted a diagnosis for other specified trauma and stressor related disorder with symptoms of anxiety, chronic sleep impairment and difficulty in establishing and maintaining effective work and social relationships. A November 2016 VA mental health record shows the Veteran reported 3-4 nightmares per month related to his military experiences. 

In December 2016, the Veteran submitted a November 2016 sleep apnea disability benefits questionnaire (DBQ) authored by his treating physician, Dr. Maldonado. The DBQ noted a diagnosis for OSA with obesity listed as an associated condition. The Veteran reported that his snoring began around 2010 with symptoms which had worsened with weight gain. Current symptoms included daytime sleepiness and headaches. The physician noted the Veteran was on medication for his service-connected PTSD/depression to control his symptoms which had caused weight gain as a side effect, and that such weight gain had been worsening the Veteran’s OSA.

The Veteran also submitted a December 2016 letter from Dr. Maldonado who stated the Veteran had been under his care since the previous November and noted diagnoses for PTSD, depression and OSA. Dr. Maldonado also noted the Veteran was seen during service in October 2010 at which time he was referred to a pulmonologist for an evaluation for persistent snoring. However, the Veteran was unable to complete a sleep study because of his deployment to Afghanistan. Dr. Maldonado further noted that the Veteran had been diagnosed with PTSD and depression for which he had been prescribed Mirtazapine to control his symptoms, but which had also caused weight gain. As a result, Dr. Maldonado stated that weight gain was a side effect to the psychiatric medication which had worsened the Veteran’s snoring, day-time sleepiness and tiredness at work. Based on the above information, Dr. Maldonado opined that the Veteran’s OSA started during service.

The Veteran underwent a VA sleep apnea examination in March 2017. The examiner noted a diagnosis for OSA with August 2015 listed as the date of diagnosis. The examiner also noted that the Veteran underwent a home sleep study in July 2014, but that the results were not conclusive. Thereafter, he underwent a sleep study in August 2015 with results adequate to render a diagnosis for OSA. The Veteran reported complaining of sleep issues prior to his in-service deployment to Afghanistan and that at a sleep study was planned but not completed. The examiner noted the Veteran currently did not have any findings, signs or symptoms attributable to sleep apnea. 

Following a review of the evidence of record, the examiner opined that it was “less likely than not (less than 50% probability)” that the Veteran’s OSA was etiologically related to service. In support of this opinion, the examiner noted that although there was an in-service plan for the Veteran to undergo a sleep study, there were no other complaints or evaluations during service which strongly suggested the presence of possible OSA at that time. In this regard, the examiner further noted that the Veteran’s separation examination did not evidence any report related to a sleeping disorder. Additionally, the examiner noted that the in-service complaint of snoring did not show other symptoms that made sleep apnea likely at that time and noted that he was being treated for an URI at that time which may have caused nasal congestion resulting in his snoring. Finally, the examiner noted that the Veteran had a 10 percent weight gain since his discharge from service with a high BMI of 37.9 percent which was a widely accepted risk factor for OSA. 

A September 2018 VA medical record noted that the Veteran reported ongoing anxiety and sleep disturbances including nightmares.

After a review of the evidence of record, the Board finds that entitlement to service connection for OSA is warranted. In this regard, the Board recognizes that there are conflicting medical opinions. Turning to the March 2017 VA examination report, while the examiner opined that the diagnosed OSA condition was less likely than not related to service, the examiner based this opinion, in part, on speculation. Specifically, the examiner acknowledged in-service complaints of snoring, but noted that such complaints “may have been” caused by nasal congestion at that time. 

However, a review of the STRs show that snoring was considered separate from the current complaints of an URI. In fact, snoring was not included in the list of symptoms related to the current URI which included generalized pain and feeling tired, headache, nasal discharge, cough, heartburn and nausea. The Board finds it instructive that in order to properly evaluate the cause of the Veteran’s snoring, a pulmonary consultation and sleep study were ordered after the current URI had resolved. Additionally, STRs dating over the next year and a half noted observed snoring as a current chronic problem; however, the VA examiner did not address that evidence. Moreover, despite medical evidence linking the Veteran’s OSA to the service-connected psychiatric disorder, the VA examiner did not consider whether the OSA condition was etiologically related on a secondary basis. For these reasons, the Board finds the March 2017 VA examination report of reduced probative value.

Conversely, the Veteran’s treating physician has provided two separate medical opinions etiologically linking the Veteran’s OSA to his service-connected psychiatric disorder. In this regard, Dr. Maldonado found that the medication used to prescribe the Veteran’s psychiatric disorder, Mirtazapine, had caused the Veteran to gain weight which had worsened his OSA including worsening snoring, day-time sleepiness, and tiredness at work. This finding is further bolstered by the March 2017 VA examiner’s conclusion that weight gain was a widely accepted risk factor for OSA.

The VA General Counsel has stated in an opinion that obesity is not a disease for service connection purposes. VAOPGCPREC 1-2017 (Jan 6, 2017). Nonetheless, obesity may be an intermittent step between a service-connected disability and a current disability that may be service connected on a secondary basis. To grant service connection, the adjudicators would have to resolve the following issues: (1) whether a service-connected disability caused a veteran to become obese; (2) if so, whether the obesity as a result of the service-connected disability was a substantial factor in causing the current disability for which a veteran is seeking service connection; and (3) whether the current disability for which a veteran is seeking service connection would not have occurred but for the obesity caused by the service-connected disability. Id. at 9-10.

The Board further notes that service connection on a secondary basis may be established for a disability which is proximately due to or the result of service-connected disease or injury; or, for any increase in severity of a nonservice-connected disease or injury which is proximately due to or the result of a service-connected disease or injury, and not due to the natural progress of nonservice-connected condition. 38 C.F.R. § 3.310(a), (b). Establishing service connection on a secondary basis requires evidence sufficient to show (1) that a current disability exists and (2) that the current disability was either (a) proximately caused by or (b) proximately aggravated by a service-connected disability. Allen v. Brown, 7 Vet. App. 439, 448 (1995) (en banc).

As noted above, Dr. Maldonado’s medical opinion is based upon a current medical finding that medication used to treat the Veteran’s service-connected psychiatric disorder had caused a side effect of weight gain. Based on that finding, Dr. Maldonado concluded that the noted side effect proximately aggravated the Veteran’s OSA, including worsening snoring. Importantly, there is no medical evidence to the contrary.

As such, the only competent medical evidence of record supports a finding that the diagnosed OSA is secondary to the Veteran’s service-connected psychiatric disorder. The claim is granted. See Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

 

 

S. HENEKS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. Lamb, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.